# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re: GOLO, LLC v. Amazon.com, Inc., et al.* | C.A. No. 23-1200-MN |
| GOLO, LLC,<br><br>      Plaintiff / Movant,<br><br>v.<br><br>GOOGLE LLC,<br><br>      Defendant / Respondent. | Misc. Action No. 24-mc-589<br><br>*Referred to Special Master Helena Rychlicki for Discovery Disputes* |

## MEMORANDUM ORDER GRANTING GOLO, LLC'S MOTION TO COMPEL GOOGLE LLC TO PRODUCE DOCUMENTS PURSUANT TO THIRD-PARTY SUBPOENA

**INTRODUCTION**

Pending before the Special Master is Movant GOLO, LLC's Motion to Compel Respondent Google LLC to Produce Documents Pursuant to a Third-Party Subpoena (the "Motion to Compel"), which was referred to me by Judge Noreika (*see* D.I. 30, 33). Through the Motion to Compel, GOLO, LLC ("GOLO") seeks to compel Google LLC ("Google") to produce information relevant to GOLO's claims against Amazon.com, Inc. and Amazon.com Services LLC (together "Amazon") for trademark infringement, counterfeiting, trademark dilution, false advertising, and unfair competition. *See GOLO, LLC v. Amazon.com, Inc*, C.A. No. 23-1200-MN, D.I. 57 (D. Del. Aug. 7, 2024).

**BACKGROUND AND PROCEDURAL POSTURE**

GOLO served its third-party subpoena on Google on or about August 9, 2024. Google, by letter dated September 13, 2024, provided its objections to the subpoena and stated it would not produce any documents in response to the requests, as they were "currently presented" but would

ME1\53788060.v4

consider "properly tailored request[s]." *See e.g.* D.I. 1-1, Ex. 2 at 5. The parties engaged in several meet and confer conferences and further made their positions regarding the subpoena clear in email correspondence. *See* D.I. 11-2. In response to the back-and-forth, GOLO offered to narrow its requests somewhat and added temporal and geographic limitations as well. *Id.* at 6-8.

GOLO brought this miscellaneous action to compel production of the requested information against Google on November 20, 2024. GOLO's proposed order further narrowed the requests. *See* D.I. 1-2. Google opposed the Motion to Compel on December 10, 2024, arguing that Request Nos. 1-4 were overbroad and unduly burdensome, that Amazon had produced responsive documents, and that Amazon was in possession of any relevant outstanding documents. Google further argued that Requests 5 and 6 were overbroad and vague. GOLO replied on December 20, 2024.

I held a hearing on this matter on July 9, 2025.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 45, parties may issue subpoenas to command a person to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. . . ." Fed. R. Civ. P. 45(a)(1)(A)(iii).

"A District Court must quash or modify a subpoena that subjects a person to undue burden. Pertinent factors weighed in the undue burden analysis include relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance." *Rardon v. Falcon Safety Products, Inc.*, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023) (cleaned up).

ANALYSIS

At the beginning of the hearing on this matter, counsel for GOLO informed me that although GOLO believes the Motion to Compel was properly tailored and relevant to the action against Amazon, fact discovery in that case has ended and expert discovery has begun. Indeed, GOLO's reply expert report is due in about two weeks. Therefore, GOLO proposed to narrow its requests to what it determined was most critical.

The proposed narrowed requests are:

    a. Documents sufficient to reflect the visual display, or if impractical the text, of all paid ads purchased by Amazon in the United States utilizing the GOLO Marks[1] from 2021 through the present;

    b. Documents sufficient to reflect the visual display, or if impractical the text, of all organic search results in the United States utilizing the GOLO Marks and pointing to an amazon.com webpage from 2021 through the present; and

    c. Documents reflecting the number of times the organic search results discussed in (b) were clicked.

GOLO noted that Amazon has represented repeatedly that it does not have this information. That representation was most recently made in a letter to the Court. *See GOLO, LLC v. Amazon.com, Inc*, C.A. No. 23-1200-MN, D.I. 249 at 7 (D. Del. June 9, 2025) (redacted version at D.I. 255).

---

[1] Per the subpoena, "GOLO Marks" means the GOLO trademarks and service marks, "GOLO," "Release," "myGOLO," "GO-DIGEST," and "AEROTRAINER" as well as any other trademarks used by GOLO, "GOLO For Life®," "Go-Digest®," "REST & GO," "GOLO FOODS," and "Aerotrainer®."

Google argued that if it had known that these three requests were a priority, it could have considered the requests more closely. Google also argued that the requests as written are still burdensome.

GOLO responded that it only further narrowed its requests to obtain at least some information that would be helpful in the *GOLO v. Amazon* case. In addition, GOLO noted that it had subpoenaed three other search engine companies, all of which produced responsive documents without the need for motion practice.

I have considered the factors regarding undue burden. The requested information is certainly relevant. Amazon's ability to appear on result pages of searches for GOLO or the GOLO Marks on Google could support GOLO's claims or potential damages in the *GOLO v. Amazon* action. This factor weighs in favor of granting the Motion to Compel.

The requested information is needed. Without the information, GOLO will have less support regarding its claims or potential damages against Amazon. This factor weighs in favor of granting the Motion to Compel.

Amazon has made it clear that it does not have the requested information. Google, therefore, is the only other custodian that could produce the information. This factor weighs in favor of granting the Motion to Compel.

Google has asserted that the requests as narrowed here are still burdensome. But it has not quantified that burden by affidavit or otherwise. This factor, therefore, is neutral.

It is true that Google is a non-party to the *GOLO v. Amazon* action. But again, Google is the only party that has the information requested. This factor weighs in favor of granting the Motion to Compel.

Google has not offered any quantification of the costs of compliance with the Motion to Compel. This factor is neutral.

Accordingly, I find that these factors weigh in favor of granting the Motion to Compel.

**IT IS HEREBY ORDERED** this 11th day of July, 2025 that:

1. The Motion to Compel is GRANTED as set forth in this Order.

2. Google shall conduct a reasonable search for and produce the following documents to GOLO within fourteen (14) days of this Order:

    a. Documents sufficient to reflect the visual display, or if impractical the text, of all paid ads purchased by Amazon in the United States utilizing the GOLO Marks from 2021 through the present;

    b. Documents sufficient to reflect the visual display, or if impractical the text, of all organic search results in the United States utilizing the GOLO Marks and pointing to an amazon.com webpage from 2021 through the present;[2] and

    c. Documents reflecting the number of times the organic search results discussed in 2(b) were clicked.

3. If Google determines, after a reasonable search, that it does not possess, or otherwise cannot produce, any of the materials ordered to be produced in paragraph 2 of this Order, Google shall submit one or more affidavits or declarations of individuals affiliated with Google with personal knowledge of Google's systems, information repositories and ability to retrieve data, setting forth with specificity: (a) the facts

---

[2] For the production of the "text of all paid ads" and the "text of all organic search results," Google must include, at a minimum, on an item-by-item basis, the complete text of the ad or search result, the specific amazon.com page or URL to which the ad or search result is directed, and an identification of the GOLO Mark or Marks used in such ad or organic search result.

concerning Google's efforts to search for, collect, and/or produce the documents that Google is unable to produce; and (b) the reason or reasons that Google is unable to produce the documents that Google has been ordered to produce.

If I have not discussed certain assertions made or case law cited by the parties that does not mean that I did not consider them before making my decision. The parties are referred to D.I. 33 for any appeal of this Memorandum Order.

                                         */s/ Helena C. Rychlicki*
                                         Helena C. Rychlicki, Special Master